IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Antonio L. Robbins,                                     )        Case No.: 6:23-cv-1380-JD-KFM
                                                        )
                        Petitioner,                     )
                                                        )
        vs.                                             )
                                                        )        **ORDER AND OPINION**
Warden, Kershaw Correctional Institution,               )
                                                        )
                        Respondent.                     )
                                                        )
_____ )

        This matter is before the Court with the Report and Recommendation ("Report") of

United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 18.)  Petitioner

Antonio L. Robbins ("Petitioner" or "Robbins"), a state prisoner represented by counsel, brought

this action under 42 U.S.C. § 2254, alleging ineffective assistance of trial counsel arising out of a

conviction for trafficking in crack cocaine, third offense, on March 16, 2016.[2]  (DE 13-2, pp. 98-

99.)  Respondent Warden, Kershaw Correctional Institution ("Respondent"), filed a motion for

summary judgment and return and memorandum on August 4, 2023.   (DE 13; DE 14.)

Petitioner filed a response.

_____

[1]

        The recommendation has no presumptive weight, and the responsibility for making a final
determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71
(1976).  The court is charged with making a de novo determination of those portions of the Report and
Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or
in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28
U.S.C. § 636(b)(1).

[2]        Specifically, Petitioner challenges his trial counsel's failures in (1) obtaining discoverable
evidence in a related confidential case, including the audio recording of the alleged controlled buy, and
(2) objecting to the Government expert's qualifications as an expert witness and prejudicial testimony that
Petitioner was a high level drug dealer, all of which Petitioner alleges deprived him of his Sixth
Amendment right to counsel.  (DE 1, pp. 6-14.)

The Report was issued on October 19, 2023, recommending granting Respondent's Motion for Summary Judgment because there is a reasonable argument that trial counsel satisfied Strickland's deferential standard and trial counsel was not deficient for failing to object to the Government expert's qualifications. (DE 18, pp. 16, 22; see Strickland v. Washington, 466 U.S. 668, 690 (1984).) On October 24, 2023, Petitioner objected to the Report. (DE 19.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner objects to the Report's recommendations on two grounds: (1) the alleged "oversimplification" of Petitioner's trial, which involved drugs found in Petitioner's home and vehicle pursuant to a search warrant based on an affidavit that relied upon an alleged controlled buy between Petitioner and a confidential informant for which no audio recording was obtained, although it exists, but would have been essential to any argument to suppress the drugs located during the search (DE 5, pp. 1-2); and (2) the Government's expert was qualified as an expert in

2

narcotics detection and evaluation, but his testimony exceeded the scope of that expertise by allowing him to tell the jury that Petitioner, in his expert opinion, was a mid to high-level drug dealer (DE 19, p. 3).

As to both of Petitioner's objections, the Court finds that Petitioner merely disagrees with the Report's recommendation.  With respect to the first objection, the Court finds that trial counsel conducted an investigation of the audio recording, and when his attempts at obtaining the recording were unsuccessful, he utilized a recording from Petitioner's girlfriend to make a pretrial motion to suppress the evidence.  Under these circumstances, trial counsel meets the deferential standard set forth in Strickland.  With respect to the second objection, the Court agrees with the Report, which explains that the Government's expert did not ever state in his expert opinion that Petitioner was a high-level dealer.  (See DE 18, p. 20.)  Therefore, the Court overrules both objections.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record, and the Court adopts the Report (DE 18) and incorporates it here.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 14) is granted and the Petition is dismissed.

**IT IS SO ORDERED**.

s/ Joseph Dawson, III

United States District Judge

Florence, South Carolina
December 28, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.